IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARY LYNN LAUGHLIN, | § | CASE NO. 09-35842-H4-11 |
|   DEBTOR | § | |
| | § | |
| ************************************** | § | |
| | § | |
| KYLE WILLIAMS | § | |
| | § | ADVERSARY NO. 09-03451 |
| v. | § | |
| | § | |
| GARY LYNN LAUGHLIN | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW GARY LYNN LAUGHLIN, Defendant herein, and moves this Court for Summary Judgment pursuant to Bankruptcy Rule 7056 against KYLE WILLIAMS, Plaintiff herein, and would respectfully show:

On August 7, 2009, GARY LYNN LAUGHLIN filed for relief under Chapter 7 of the United States Bankruptcy Code. On November 11, 2009, KYLE WILLIAMS filed a complaint for nondischargeability under §§ 523(a)(2), (a)(4) and (a)(6) based on a judgment entered in Plaintiff's favor by the 127th Judicial District Court of Harris County, Texas under Cause No. 2006-77415, *Kyle Williams v. Abatement Incorporated, Alan Manring and Gary Laughlin* on March 11, 2009. (**Page 99 of the Clerk's Record – Exhibit "A" hereto.**)

No genuine issue of material fact exists as the following facts are undisputed:

KYLE WILLIAMS filed his Plaintiff's Original Petition in the state court case on December 6, 2006. (**Page 00002 of the Clerk's Record – Exhibit "A" hereto.**)

KYLE WILLIAMS filed his Plaintiff's First Amended Original Petition in the state court case on February 27, 2007.  (**Page 00030 of the Clerk's Record – Exhibit "A" hereto.**)

In KYLE WILLIAMS' operative pleading used at trial - Plaintiff's First Amended Original Petition in the state court case - (**Page 00030 of the Clerk's Record – Exhibit "A" hereto**), KYLE WILLIAMS sued all three defendants for breach of contract and fraud.  Following are excerpts from Plaintiff's First Amended Original Petition pertaining to the fraud allegations:

> "9. At the time of making the promise to pay Plaintiff 1/3, and later, 20% of the profits of the various projects, Alan Manring and Gary Laughlin, acting on behalf of themselves and/or as agents for Abatement Incorporated, *never* intended to perform. They knew the representation to the Plaintiff to pay him a percentage of the profits was material in inducing Plaintiff to enter into the agreement to perform services, they knew the representation was false and they made the representation with the intent that the Plaintiff act on it."

***

> "11. The actions of Defendants toward the Plaintiff was (sic) aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Defendant (sic) acted with evil intent to harm the Plaintiff.  Its (sic) conduct was intentional, willful and wanton, and without justification or excuse, and Defendant (sic) acted with gross indifference to the rights of Plaintiff.  The Plaintiff, therefore, sues for punitive damages."

***

KYLE WILLIAMS' § 523 complaint almost identically tracks the above language.  After almost reciting Plaintiff's First Amended Original Petition in the state court lawsuit verbatim in the § 523 complaint, he alleges that under § 523(a)(2),

> "…the debt created by Defendant for money, property, or services was obtained through false pretenses, a false representation, or actual fraud by the Defendant.  He further pleads that:
>
> "(1)  Laughlin made representations to Williams;
>
> (2)  Laughlin knew the representations were false at the time they were made;

(3)     the representations were made by Laughlin with the intention and purpose to deceive Williams;

(4)     Williams relied on such representations; and

(5)     Williams sustained losses as a proximate result of the representations."

KYLE WILLIAMS further states in his complaint under § 523(a)(4) that:

"[i]n the alternative, as set forth hereinabove, the debt created by Defendant was obtained through fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

KYLE WILLIAMS goes on to state in his complaint under § 523(a)(6) that:

"…the debt created by Defendant was obtained through willful and malicious injury by the Defendant against the Plaintiff or property of Plaintiffs (sic).  Specifically, as indicated by the facts set forth hereinabove;

(1)     Laughlin's actions were intention

(2)     Laughlin's actions were done with intent to harm, done with reckless disregard of  others' rights, or done without just cause or excuse; and

(3)     Williams sustained losses as a proximate result of the Laughlin's intentional actions."

Lastly, KYLE WILLIAMS states in his complaint that

"[i]n the alternative, as set forth hereinabove, the debt created by Defendant was obtained through Defendant using Abatement, Inc. for the purpose of perpetrating an actual fraud on Plaintiff primarily for the Defendant's direct personal benefit.  Plaintiff therefore seeks to disregard the corporate veil and impose personal liability on Defendant."

On February 3 through February 5, 2009, there was a jury trial on the merits of Plaintiff's First Amended Petition in the 127th Judicial District Court of Harris County, Texas.  (**Volumes 1-5 of the Reporter's Record set out as Exhibit "B" hereto.**)

Only breach of contract was presented to the jury **(Pages 50-56 are the Jury Questions in the Clerk's Record – Exhibit "A" hereto.)**   The Court granted a directed verdict on fraud as follows:

"THE COURT:  I don't think you proved your fraud claim, so I'm going to go ahead and grant your motion for fraud.

"MR PHILLIPS:  You just convinced me that I didn't need the fraud claim.

"THE COURT:  Not that you proved it.  I don't think you got – I don't think you met the legal sufficiency standard.  Does that make sense?  I'm not taking their choice – their job.  I don't believe you presented any evidence on at least one element of that claim…."
**(Page 138, Lines 19-25, and Page 139, Lines 1-4, Volume 3 of 5 of the Reporter's Record – Exhibit "B" hereto).**

In this adversary proceeding, Plaintiff KYLE WILLIAMS challenges the dischargeability of a debt based on breach of contract.  He is attempting to get two bites at the apple by attempting to try the fraud case set out in Plaintiff's First Amended Original Petition filed on February 27, 2007, to this Court, which was already tried to a jury of his peers on February 3-5, 2009, in the 127th Judicial District Court of Harris County, Texas, at which trial the presiding judge granted a directed verdict for the Defendants on the fraud issue and did not allow the fraud issue to be considered by the jury.  **(Page 138, Lines 19-25 and Page 139, Lines 1-4, Volume 3 of 5 of the Reporter's Record – Exhibit "B" hereto)**

The fraud allegations in Plaintiff's First Amended Petition of February 27, 2007 (…the Defendants never intended to perform; they knew the representation was material in inducing Plaintiff to enter into the agreement; they knew the representation was false; they made the representation to induce Plaintiff to act on it; they acted with willfulness, wantonness and malice; they acted with an evil intent to harm Plaintiff; their conduct was intentional, willful, wanton and without justification or excuse; and they acted with gross indifference to the rights of Plaintiff), tracks §§ 523(a)(2), (a)(4) and (a)(6) – false pretenses, false representation, actual fraud, fraud as a fiduciary, embezzlement, larceny, and willful and malicious injury.

There are no material issues of fact for this Court to determine.  Plaintiff's factual allegations of fraud have been tried and decided at a previous trial through a directed verdict

issued by the 127th Judicial District Court for Harris County, Texas on February 3-5, 2009. The Court should enter summary judgment in favor of GARY LYNN LAUGHLIN finding that the debt owed to KYLE WILLIAMS for breach of contract is discharged.

WHEREFORE, premises considered, Defendant GARY LYNN LAUGHLIN prays that this Court grant this summary judgment.

Respectfully submitted,

/s/ Margaret M. McClure
_____
State Bar No. 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (facsimile)
Margaret@mmmcclurelaw.com

ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically served on Plaintiff's counsel the 30th day of January, 2011.

/s/ Margaret M. McClure
_____
MARGARET M. MCCLURE